# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**COYT BRYANT,**

      **Petitioner,**

v.                            **CIVIL ACTION NO. 2:12cv69**
                                         **(Judge Bailey)**

**TERRY O'BRIEN,**
**JOHN HOWARD BENNETT,**

      **Respondents.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 28, 2012, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On that same date, the Clerk of Court issued a Notice of Deficient Pleading which advised the petitioner that he had 21 days to pay the $5.00 filing fee or submit a Motion for Leave to Proceed *in forma pauperis* with a Prisoner Trust Account Report. In addition, the Notice advised him that he had 21 days to submit his § 2241 petition of this court's approved form. On October 15, 2012, the petitioner filed his IFP motion and his court-approved petition. On October 17, 2012, an Order was entered granting him leave to proceed *in forma pauperis*. On May 4, 2012, he tendered the $5.00 filing fee. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS

On May 8, 2007, the petitioner pleaded guilty, without a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924. The district court enhanced the petitioner's sentence, after determining that he qualified as an Armed Career

Criminal, and sentenced him to 195 months' imprisonment and a five-year term of supervised release. The petitioner appealed, challenging only the district court's reliance on a prior New York state conviction for second degree attempted burglary, asserting that the conviction did not qualify as a predicate offense under the Armed Career Criminal Act ("ACCA") because he received a sentence of exactly one year. The Fourth Circuit Court of Appeals found no error by the district court in applying the § 924(e)(1) enhancement, and affirmed the petitioner's conviction and sentence. In November 2009, the petitioner filed a *pro se* petition for writ of certiorari to the United States Supreme Court, which was denied on February 22, 2010. Bryant v. United States, 130 S.Ct. 2010).

Thereafter, the petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. The petitioner alleged the following claims for relief: (1) that his counsel was ineffective by (a) failing to adequately investigate and research his case prior to advising him to plead guilty; (b) failing to properly negotiate a plea agreement and failing to adequately advise him relating to his plea and sentence exposure; ( c ) failing to object and preserve for appellate review his improper classification as an armed criminal; (2) his guilty plea was not voluntarily and knowingly entered; and (3) appellate counsel was ineffective in failing to raise certain claims on appeal and by failing to file a writ of certiorari as he had requested. The district court denied the motion to vacate finding that the petitioner's claims and the record had not shown deficient performance by his counsel, and he could not show any prejudice, inasmuch as his guidelines range would have been the same even if he were not classified as an armed career criminal. The Fourth Circuit denied him a certificate of appealability and dismissed his appeal of the district court's order denying him relief on motion

pursuant to 28 U.S.C. § 2255.[1]

### III. ISSUES PRESENTED

In his pending § 2241 petition, the petitioner raises the following claims for relief:

1. The United State probation officer used false evidence to establish that his 1987 conviction in the State of New York for attempted robbery in the second degree qualified as a predicate felony under the ACCA.

2. The United State District Court for the Eastern District of North Carolina adopted that false presentence report on the United State probation officer and improperly classified his 1987 conviction for attempted burglary, second degree, for purposes of enhancing his sentenced.

3. His trial counsel was in effective because he failed to file a motion prior to trial to establish that his conviction for attempted burglary, second degree, did not carry a sentence that exceeded one year.

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this

---

[1] Information regarding the petitioner's underlying criminal conviction and motion to vacate are available on PACER. See Case 4:06-cr-00035-H (EDNC).

> section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. More specifically, it is clear from the language used in Jones that the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.[2] Here, the petitioner's claim does not fall

---

[2] In Jones, the petitioner was convicted of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.§ 924(c)(1), based on constructive possession of firearms. Subsequent to the petitioner's unsuccessful § 2255 motion challenging his sentence, the Supreme Court, in Bailey v. United States, 516 U.S. 137 (1995) held that "use" of a firearm under Section 924(c)(1) required the "active employment of a firearm." The petitioner was precluded from

4

within the ambit of the savings clause because he cannot satisfy the second element of the Jones test as he cannot show that "the substantive law has changed such that the conduct of which he was convicted [felon in possession of a firearm] is deemed not to be criminal." Jones, 226 F.3d at 333-34. The petitioner's challenge is based not on the offense for which he was convicted, but rather on a Sentencing Guidelines enhancement respecting his qualification as a career offender. The Fourth Circuit has not broadened the parameters of the analysis of the savings clause in Jones to encompass a challenge to a sentence based on a sentence guideline enhancement or a claim of "actual innocence" of a sentence guideline enhancement. See Boynes v. Berkebile, 2012 WL 1569653 (S.D.W.Va. May 1, 2012).³ Furthermore, as noted by Judge Berger in her decision in Boynes, opinions issued by several Fourth Circuit district courts, that reject a petitioner's attempt to employ § 2241 to challenge the legality of a sentence where the petitioners assert they are actually innocent of the predicate offense have been affirmed by the Fourth Circuit, although by unpublished opinion. In addition, as noted by Judge Berger, other Appellate courts have rejected the use of the savings clause for challenges to a petitioner's sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (finding that § 2255 was not inadequate or ineffective such the savings clause would permit a challenge to a prisoner's sentence); Adderly v. Zickefoose, No. 11-6450, 2011 WL

---

filing a successive § 2255 motion because the decision in Bailey did not constitute a new retroactive rule of constitutional law or constitute newly discovered evidence. The Fourth Circuit held that, under the circumstances, a § 2255 motion was inadequate to test the legality of the petitioner's detention and permitted the use of the § 2241 petition. Of importance, is that the petitioner in Jones challenged his offense of conviction.

³ The undersigned notes that the petitioner cites U.S. v. Mikalajuanas, 186 F.3d 490 (4th Cir. 1999) and U.S. v. Pettiford, 612 F.3d 270 (4th Cir. 2010), in an attempt to argue that actual innocence does apply in the context of sentencing enhancements. However, the petitioner misreads the holdings in those decisions and fails to recognize that both cases involved petitions filed pursuant to § 2255 and § 2241.

5513187, *1 (D.N.J. Nov. 9, 2011), aaf'd, 2012 WL 252416, *1 (3d Cir. Jan. 27, 2012(unpublished decision); see also Bradford v. Tamez, 660 F.3d 226, 230 (5th Cir. 2011)(disallowing claim under the savings clause because a "claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); Kinder v. Purdy, 222 F.3d 209 (5th Cir. 2000).

### IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the Petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** .

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: November 14, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE